**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| Helen Petrucci,<br>    Plaintiff<br><br>v.<br><br>Santander Consumer USA, Inc.,<br>Equifax Information Services, LLC, and<br>Trans Union, LLC<br>    Defendant(s) | Civil Action No: 6:20-cv-1204<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff HELEN PETRUCCI ("Plaintiff"), by and through his attorneys, the SHAWN JAFFER LAW FIRM PLLC, and brings this Complaint against Defendants SANTANDER CONSUMER USA, INC. ("SANTANDER"), EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), and TRANS UNION, LLC ("TRANS UNION") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION & VENUE**

1.    Plaintiff bring this action for damages arising from Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, the Plaintiff reside here, and the Defendants transact business here.

1

## PARTIES

**Plaintiff:**

4. Plaintiff is a resident of Brevard County, Florida residing at 8200 Canaveral Blvd, Unit A, Cape Canaveral, FL 32920.

5. At all times material hereto, Plaintiff was a "person" and a "consumer" meaning an individual, as defined under §1681(a).

**Santander Consumer USA, Inc.**

6. Defendant SANTANDER is a Texas Corporation and a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and can be served on CT Corporation System located at 1200 South Pine Island Rd, Plantation, FL 33324.

**Equifax Information Services, LLC**

7. Defendant Equifax is a Georgia company registered to do business in the State of Florida, and may be served with process upon Corporation Service Company located at 1201 Hays Street, Tallahassee, FL 32301.

8. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. At all relevant times Defendant Equifax was a "person" as that term is defined by 15 U.S.C. §1681a(b).

**TransUnion, LLC**

11. Defendant TransUnion LLC is an Illinois company registered to do business in the State of Florida, and may be served with process upon Corporation Service Company, its registered agent for service of process, at 1201 Hays Street, Tallahassee, FL 32301.

12. At all times material hereto, Trans Union, LLC is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

13. At all times material hereto, Trans Union, LLC disbursed such consumer reports to third parties under a contract for monetary compensation.

14. At all relevant times Defendant Trans Union, LLC was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

16. On June 30, 2017, the Account at issue with SANTANDER was charged off with a $25,776 balance.

17. On or about November of 2017, Plaintiff and SANTANDER agreed to continue their business and credit extension relationship as long as Plaintiff continued to make payments on the Account.

18. Stating around September 20, 2017 till now, the Plaintiff has made 40 payments on the Account but Santander continues to report Plaintiff as charged-off and refuses to report accurate payment history.

19. Plaintiff has disputed the account payment history with Equifax and Trans Union and provided them with proof of her payment history, but Equifax and Trans Union refuse to correct their credit reporting.

20. Defendants Equifax, and Trans Union have failed to conduct a reasonable re-investigation and verified the payment history of charged off as accurate.

21. Defendants Equifax and Trans Union continue to report the Account listed by Defendant SANTANDER as a charged off account without any monthly payment history.

22. After receiving the Plaintiff's disputes Defendants Equifax and Trans Union verified the erroneous information as accurate even though the account was supposed to show a payment history for last 40 months.

23. Defendant SANTANDER falsely represented the payment history of the Account to Equifax and Trans Union and to all parties who accessed Plaintiff's credit reports.

24. Plaintiff has been adversely affected with a denial of credit and in another transaction was offered a higher interest. As such, Plaintiff has been effectively denied credit at reasonable terms due to the Defendants' actions.

25. SANTANDER has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that are disseminated to various persons and credit grantors, both known and unknown.

26. Upon receipt of the dispute of the account from the Plaintiff, SANTANDER failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the status and balance of the disputed Account.

27. As of the date of the filing of this Complaint, SANTANDER continues to furnish credit data which is inaccurate and materially misleading to the consumer credit reporting agencies.

28. Defendants' erroneous reporting continues to affect Plaintiff' creditworthiness, credit score, and ability to obtain credit.

29. As a result of SANTANDER's conduct, Plaintiff has suffered mental anguish, frustration, credit denial and higher costs of borrowing.

### FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to SANTANDER)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

31. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

32. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

33. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

34. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

35. Defendant SANTANDER violated 15 U.S.C. § 1681s2-b by the publishing of the Account payment history as no payments made; by failing to fully investigate and improperly investigate

5

the dispute of the Plaintiff with respect to the Account payment history representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

36. Specifically, Defendant SANTANDER reported a collections account on Plaintiff' credit report showing that Plaintiff had not made any payments on her Account for last 40 months. Then Defendant SANTANDER refused to correct the Account payment history from Plaintiff' credit reports with Equifax and Trans Union, even after Plaintiff disputed the information with the credit reporting agencies. Instead, Defendant SANTANDER verified the Account payment history as accurate and continues to report false and erroneous credit information about the Plaintiff to Defendants Equifax and Trans Union.

37. As a result of the conduct, action and omission of the Defendant SANTANDER, the Plaintiff suffered damages for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

38. The conduct, action and inaction of Defendant was willful, rendering Defendant SANTANDER liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

39. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant SANTANDER in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

**WHEREFORE,** Plaintiff, individuals, demand judgment in their favor against Defendant SANTANDER, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**SECOND CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to SANTANDER)**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

41. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

42. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

43. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

44. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

45. Defendant SANTANDER is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

46. Specifically, Defendant SANTANDER reported a collections account on Plaintiff' credit report showing that Plaintiff had not made any payments on her Account for last 40 months. Then Defendant SANTANDER refused to correct the Account Payment History from Plaintiff' credit reports with Equifax and Trans Union even after Plaintiff disputed the information with the credit reporting agencies. Instead Defendant SANTANDER verified the Account Payment History as

7

accurate and continues to report false and misleading credit information about the Plaintiff to Defendants Equifax and Trans Union.

47. After receiving the Dispute Notice from Equifax and Trans Union Defendant SANTANDER negligently failed to conduct its investigation in good faith and continued to report the false payment history.

48. A reasonable investigation would require a furnisher such as Defendant SANTANDER to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

49. The conduct, action and inaction of Defendant SANTANDER was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

50. As a result of the conduct, action and inaction of the Defendant SANTANDER, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

51. The Plaintiff are entitled to recover reasonable costs and attorney's fees from the Defendant SANTANDER in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

**WHEREFORE,** Plaintiff, individuals, demand judgment in his favor against Defendant SANTANDER for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Trans Union)**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully state herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

54. Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

55. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not

        be verified, or that the source of information had advised Trans Union to delete;

    h)  The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

56. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

    **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Trans Union)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

61. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information

10

from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

62. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

　　a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

　　b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

　　c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

　　d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

　　e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

　　f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

　　(g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and

emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

68. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

69. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a

      reasonable request by the Plaintiff;

  c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

  d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

  e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

  f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

  g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

  h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S. C. § 1681(n).

    **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

73.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

74.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

75.     Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

76.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    (a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    (b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    (c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    (d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    (e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

 (f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

 (g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

 (h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

80. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2. For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

3. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

4. For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

5. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

6. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

7. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED: July 7, 2020                              Respectfully Submitted,

**SHAWN JAFFER LAW FIRM, PLLC.**

/s/ *Shayan Elahi*__
Shayan Elahi, Esq.
FL Bar No.: 741221
Email: shayan@jaffer.law
501 East Las Olas Blvd, Suite 200
Fort Lauderdale, FL 33301
***Attorneys for Plaintiff Helen Petrucci***